NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISAIAS FRANCISCO SANCHEZ
GARCIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1246

Agency No.
A200-391-812

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025[**]
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Isaias Francisco Sanchez Garcia is a native and citizen of Mexico. He

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing his appeal of an Immigration Judge's ("IJ") denial of his applications

for cancellation of removal and special rule cancellation of removal. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We deny the petition.

1. Substantial evidence supports the agency's conclusion that Sanchez Garcia's removal would not have resulted in exceptional and extremely unusual hardship to his minor son under 8 U.S.C. § 1229b(b)(1)(D).[1] The agency properly considered his minor son's age, health, and circumstances. *See Gonzalez-Juarez*, 137 F.4th at 1006 (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). Although Sanchez Garcia argues that the agency disregarded various pieces of evidence, the agency need not "individually identify and discuss every piece of evidence in the record." *Id.* at 1008 (quoting *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022)).[2] The record is clear that the agency "discussed all evidence that was highly probative or potentially dispositive." *Id.*

---

[1] Contrary to Sanchez Garcia's assertion that we should apply de novo review, the agency's hardship determination is a mixed question of law and fact that we review for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

[2] To the extent that Sanchez Garcia disputes the IJ's underlying factual findings, we lack jurisdiction to review those findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

2. Substantial evidence supports the agency's conclusion that Sanchez Garcia was not subjected to extreme cruelty by his ex-wife under 8 U.S.C. § 1229b(b)(2)(A)(i)(I). *See Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003). Taken together, his ex-wife's actions do not constitute the type of extreme emotional abuse or manipulative control tactics that would compel a finding of extreme cruelty. *See id.* at 840 (distinguishing the "extreme concept of domestic violence" from "mere unkindness"). Although his ex-wife insulted and humiliated him about his immigration status, not "every insult or unhealthy interaction in a relationship . . . rise[s] to the level of domestic violence." *Id.*

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.

23-1246